UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HUNSLEY, PATRICK RODRIGUEZ, and BRANDON PICKETT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> M G CLEANERS, LLC, <br><br> Defendant. | § § § § § § § § § § § § § § § § | No. _____ <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Christopher Hunsley, Patrick Rodriguez, and Brandon Pickett (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant M G Cleaners, LLC (referred to as "Defendant" or "M G Cleaners"). In support thereof, they would respectfully show the Court as follows:

### I.  Nature of Suit

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendant violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Pecos Division of the Western District of Texas and/or

a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Pecos Division of the Western District of Texas.

### III.  Parties

8. Christopher Hunsley (referred to as "Hunsley") is an individual who resides in Shelby County, Texas and who was employed by Defendant during the last three years.

9. Patrick Rodriguez (referred to as "Rodriguez") is an individual who resides in La Salle Parish, Louisiana and who was employed by Defendant during the last three years.

10. Brandon Pickett (referred to as "Pickett") is an individual who resides in Gregg County, Texas and who was employed by Defendant during the last three years.

11. Defendant M G Cleaners, LLC is a Texas limited liability company may be served with process by serving its registered agent:

> Stephen L. Christian
> 422 Sabine St.
> Carthage, Texas 75633

Alternatively, if the registered agent of M G Cleaners, LLC cannot with reasonable diligence be found at the company's registered office, M G Cleaners, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Whenever it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the

routine and normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13. Defendant is a rig and equipment cleaning company that does business in the territorial jurisdiction of this Court.

14. M G Cleaners employed Plaintiff Hunsley as a Field Superintendent for approximately five (5) years through January 2018; however, Plaintiff's primary duties more closely resembled that of a "Hand", a nonexempt position.

15. M G Cleaners employed Plaintiff Rodriguez as a Crew Leader, otherwise known as a "Pusher," from approximately February 2018 to April 2018.

16. M G Cleaners employed Plaintiff Pickett as a Hand from approximately 2014 to present.

17. Field Superintendents, Pushers, and Hands were primarily responsible for driving from well-site to well-site cleaning and maintaining the drilling rigs and equipment, performing oil changes on equipment, and mechanically rebuilding equipment.

18. Plaintiffs' primary duties did not include office or nonmanual work.

19. Plaintiffs' primary duties were not related to the management or general business operations of M G Cleaners or its customers.

20. Plaintiffs' duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

21. Plaintiffs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

22. Plaintiffs did not have the discretion or authority to make any decisions with respect to matters of significance.

23. Instead, Plaintiffs were required to follow the policies, practices and procedures set by M G Cleaners.

24. Plaintiffs did not have any independent authority to deviate from these policies, practices, and procedures.

25. During Plaintiffs' employment with M G Cleaners, they were engaged in commerce or the production of goods for commerce.

26. During Plaintiffs' employment with M G Cleaners, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

27. During Plaintiffs' employment with M G Cleaners, the company had an annual gross volume of sales made or business done of at least $500,000.

28. M G Cleaners paid Plaintiffs on an hourly basis.

29. During Plaintiffs' employment with M G Cleaners, their regular rates fell below the statutory minimum wage because M G Cleaners did not pay them for all hours worked. 29 U.S.C. § 206(a)(1).

30. For example, M G Cleaners did not pay Plaintiffs for travel time between jobsites.

31. M G Cleaners also shaved hours from Plaintiffs' weekly timesheets.

32. Additionally, M G Cleaners only paid Plaintiffs for the hours they were *onsite* to work even if they *actually* worked and reported more, which was usually the case.

33. During Plaintiffs' employment with M G Cleaners, they regularly worked in excess of forty hours per week.

34. M G Cleaners knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

35. M G Cleaners did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1)

36. Instead, M G Cleaners only paid Plaintiffs for the number of hours it wanted to pay them regardless of the number of hours they actually worked. In other words, M G Cleaners simply refused to pay Plaintiffs for all their overtime even though it was worked and reported to the company.

37. M G Cleaners knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

38. M G Cleaners failed to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

39. M G Cleaners knew or showed a reckless disregard for whether its pay practices violated the FLSA.

40. M G Cleaners is liable to Plaintiffs for their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

41. All field superintendents, crew leaders or "pushers", hands, and all other nonexempt employees employed by M G Cleaners are similarly situated to Plaintiffs because they (1) have similar job duties; (2) are not compensated for all of the hours that they work; (3) their regular rates routinely fell below the statutory minimum wage; (4) regularly work in excess of forty hours per week; (5) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (6) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from M G Cleaners pursuant to 29 U.S.C. § 216(b).

### V. Count One—Failure to Pay the Minimum Wage in Violation of 29 U.S.C. § 206(a)

42. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

43. During Plaintiffs' employment with M G Cleaners, they were nonexempt employees.

44. As nonexempt employees, M G Cleaners were legally obligated to pay Plaintiffs at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

45.   M G Cleaners did not pay Plaintiffs the statutory minimum wage as required by 29 U.S.C. § 206(a)(1)(C).

46.   Instead, M G Cleaners paid Plaintiffs for fewer hours than they actually worked, which caused their regular rate to fall below the statutory minimum wage.

47.   If M G Cleaners classified Plaintiffs as exempt from the minimum wage requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the minimum wage requirements of the FLSA.

48.   M G Cleaners knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA.  In other words, M G Cleaners willfully violated the minimum wage requirements of the FLSA.

### VI.  Count Two—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

49.   Plaintiffs adopt by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

50.   During Plaintiffs' employment with M G Cleaners, they were nonexempt employees.

51.   As nonexempt employees, M G Cleaners were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

52. M G Cleaners did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

53. Instead, M G Cleaners only paid Plaintiffs for the number of hours it wanted to pay them regardless of the number of hours they actually worked. In other words, M G Cleaners simply refused to pay Plaintiffs for all their regular and overtime hours even though they were worked and accurately reported to the company.

54. As a result of these failures, M G Cleaners did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

55. If M G Cleaners classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

56. M G Cleaners knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, M G Cleaners willfully violated the overtime requirements of the FLSA.

## VI. Count Three—
## Failure to Maintain Accurate Records
## in Violation of 29 U.S.C. § 211(c)

57. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

58. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

59. In addition to the pay violations of the FLSA described above, M G Cleaners also failed to keep proper time records as required by the FLSA.

## VII.  Count Four—
## Collective Action Allegations

60. Plaintiffs adopt by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

61. On information and belief, other employees have been victimized by M G Cleaners' violations of the FLSA identified above.

62. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner (i.e., required to work unpaid for regular and overtime hours) and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

63. M G Cleaners' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

64. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

65. All employees of M G Cleaners, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue

of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All field superintendents, crew leaders or "pushers", hands and all other nonexempt employees employed by M G Cleaners at either the Odessa location or the Carthage location that were not paid their regular and overtime wages within the last three years.

66. M G Cleaners is liable to Plaintiffs and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

67. Because M G Cleaners knew or showed a reckless disregard for whether its pay practices violated the FLSA, M G Cleaners owe Plaintiffs and the members of the putative class their unpaid overtime wages for at least the last three years.

68. M G Cleaners is liable to Plaintiffs and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

69. M G Cleaners is liable to Plaintiffs and the members of the putative class for their reasonable attorneys' fees and costs.

70. Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on their behalf as well as on behalf of all other putative class members.

## VIII.  Jury Demand

71. Plaintiffs demand a trial by jury.

## IX.  Prayer

72. Plaintiffs pray for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiffs and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. incentive awards for any class representative(s);

   e. all such other and further relief to which Plaintiffs and the members of the putative class may show themselves to be justly entitled.

                Respectfully Submitted,

                MOORE & ASSOCIATES

                By: /s/ Melissa Moore
                Melissa Moore
                State Bar No. 24013189
                Federal Id. No. 25122
                Curt Hesse
                State Bar No. 24065414
                Federal Id. No. 968465
                Lyric Centre
                440 Louisiana Street, Suite 675
                Houston, Texas 77002
                Telephone: (713) 222-6775
                Facsimile: (713) 222-6739

                **ATTORNEYS FOR PLAINTIFFS**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739